**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**GEORGE THOMAS FREDRICK** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 2:10cv180-KS-MTP**

**LAURA STOGNER, DAVID MILLER, AND BERKLEY HALL** **DEFENDANTS**

**ORDER**

This order addresses Plaintiff's Motion for Appointment of Counsel [16] and his Motion for the Clerk to Provide a Copy of his Complaint [20]. Having considered the motion and the entire record in this matter, as well as the applicable law, the Court finds that the motion to appoint counsel [16] should be denied and that the motion for a copy of his complaint [20] should be granted with conditions.

**DISCUSSION**

**I.**

**APPOINTMENT OF COUNSEL**

This is a prisoner civil rights cause of action. There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed

counsel. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer*, 691 F.2d at 212 (5th Cir. 1982). Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212.

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus, the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.

This Court is given considerable discretion in determining whether to appoint counsel. *Id*. at 211. Under the circumstances presented in the instant case, the Court has determined that Plaintiff's pleadings contain no novel points of law which would indicate the presence of "exceptional circumstances." Indeed, the complaint and other documents filed by Plaintiff present rather straightforward claims arising from the alleged failure to provide adequate medical

care. Contrary to Plaintiff's assertions in his motion, the issues are not complex and do not merit or justify the appointment of counsel.[1]

Plaintiff also argues that his imprisonment will limit his ability for investigation and discovery, that he needs assistance in presenting testimony and handling witnesses, and that his eyesight is in poor condition. The pleadings also show that Plaintiff is able to effectively communicate and present his side of the case as evidenced in the pleadings filed by Plaintiff to date. Moreover, with respect to discovery, the Court can assist Plaintiff in obtaining any necessary discovery to support his claims.[2]

Plaintiff's motion simply does establish any "exceptional circumstances." Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

**II.**

**REQUEST FOR COPY OF COMPLAINT**

Plaintiff also seeks a copy of the civil rights complaint [1] he filed on July 20, 2010.[3] That request will be granted, subject to the conditions set forth below. Accordingly,

---

[1]Plaintiff also alleges that he "has made attempts to obtain a lawyer" and that attached to his motion is a letter to an attorney to which no response was made. The correspondence is not attached to the motion or contained in the record; regardless of the letter's existence, the Court's analysis and conclusion remain the same.

[2]Upon completion of the initial case screening, the Court will schedule an omnibus hearing to provide the Plaintiff with assistance in obtaining relevant documentation, set discovery parameters, and address other case management issues.

[3]Plaintiff claims that his "copy was destroyed by the staff members of Marion County Jail . . . " because he filed this action, and that he has no other copy. Defendants have no objection to Plaintiff receiving a copy of this document, but "take opposition to any suggestion . . . that [they] destroyed any legal documents of the Plaintiff, knowingly and in response to any civil filing . . . . Defendants simply wish to assert that they do not agree to any suggestion that a legal right of the Plaintiff was violated." Docket entry [21].

**IT IS ORDERED**:

Plaintiff's Motion for Appointment for Counsel [16] is **DENIED**.

Plaintiff's Motion for the Clerk to Provide a Copy of his Complaint [20] is **GRANTED**, subject to the condition that in the future copies of any Court documents will not be provided to Plaintiff unless he pays the standard charges for said copies. The Clerk is directed to mail a copy of the Complaint [1] to Plaintiff, along with a copy of this order.

Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

**SO ORDERED** this the 13th day of December, 2010.

s/Michael T. Parker
United States Magistrate Judge